AMASA B. BENSON *vs.* THE MONSON AND BRIMFIELD MANU-
FACTURING COMPANY.

A corporation is not liable to the penalty imposed, by *St.* 1842, *c.* 60, § 3, on the owner,
agent or superintendent of a manufacturing establishment, for employing children
under the age of twelve years, in laboring more than ten hours in a day in such
establishment.

THIS was an action of debt on *St.* 1842, *c.* 60, § 4, by
which it is enacted, that "the owner, agent or superintendent
of any manufacturing establishment, who shall knowingly
employ any child under the age of twelve years in such
establishment, contrary to the provisions of the third section of
this act," (i. e. more than ten hours in any one day,) "shall
forfeit the sum of fifty dollars for each offence, to be recovered
in any court of this Commonwealth, competent to try the
same, to the use of the person prosecuting." The defendants
were an incorporated company.

At the trial in the court of common pleas, before *Merrick*, J.
the plaintiff introduced evidence tending to prove that the
children named in his writ, on the days therein stated, were
employed in laboring in the defendants' manufacturing estab-
lishment, more than ten hours in each of those days ; that
they were under twelve years of age ; and that their ages and
their employment, as aforesaid, were known, at the time, to
the overseer whom the defendants had employed to take
charge of their said establishment. The defendants' counsel
objected, that the plaintiff's evidence was not sufficient to sus-
tain this action, and that they were not liable to the penalty
imposed by the statute, for the act of their overseer. These
objections were overruled, and the jury were instructed, that
if they believed the plaintiff's evidence, their verdict should be
in his favor. The jury found a verdict for the plaintiff, and
the defendants alleged exceptions.

*R. A. Chapman,* for the defendants.

*H. Morris,* for the plaintiff.

DEWEY, J. The provisions of acts imposing penalties are

not to be extended, by construction, beyond their obvious meaning and intent, as manifest upon the face of the statute. Corporations are not, in terms, included in the statute on which this action is brought. They may be said to be embraced in the word "owner" of any manufacturing establishment; and if the provision had been thus limited, and no penalty imposed on other persons than the owners of the establishment, it would perhaps have been a reasonable construction, and necessary to give force and effect to the statute, to the extent designed, to have held the corporation liable to the penalty under the description of "owner." But ample provision is made to reach the cases of corporations managing their establishments through agents or superintendents. The agents or superintendents of manufacturing establishments are, by the express terms of the statute, liable to its penalties. Thus every case may be reached, without applying the penalties to corporate bodies, and sustaining actions against them, in their corporate name, for breach of this statute. The penalty may thus also be enforced with greater facility, as the offence consists in knowingly employing children under the age of twelve years, contrary to the provisions of the act. The fact of such knowledge could not, in ordinary cases, be brought home to the corporation, as such, though it might be shown to exist with reference to the agent or superintendent.

*New trial granted.*